**JUNG AHE PARK, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–5677–ag.**

United States Court of Appeals, Second Circuit.

Sept. 9, 2008.

Wayne Zhu, Flushing, NY, for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General, Michael P. Lindemann, Asst. Director, Ann Carroll Varnon, Atty., U.S. Department of Justice, Civil Div., Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Jung Ahe Park, a native and citizen of the People's Republic of China, seeks review of the November 28, 2007

order of the BIA affirming the January 12, 2006 decision of Immigration Judge ("IJ") Joanna M. Bukszpan, denying her application for asylum and withholding of removal. *In re Jung Ahe Park,* No. A97 698 015 (B.I.A. Nov. 28, 2007), *aff'g* No. A97 698 015 (Immig. Ct. N.Y. City Jan. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion affirming the IJ's decision in part and modifying it in part, we review the IJ's decision as modified by the BIA, confining our review to the rationale of the IJ on which the BIA relied. *See Dong Gao v. BIA,* 482 F.3d 122, 125 (2d Cir.2007). Because the BIA assumed Park's credibility as to her past experiences, we do the same. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao,* 482 F.3d at 126; *see also Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence).

█ Because Park failed to sufficiently challenge the agency's denial of her withholding of removal claim in either her brief to the BIA or her brief to this Court, we deem that claim abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007) (citing *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005)).

█ We find no error in the agency's conclusion that Park's asylum claim lacked a nexus to a protected ground. Park re-

lies on *Jorge–Tzoc v. Gonzales,* arguing that the agency failed to consider the "totality of the circumstances" when evaluating the past and continuing hardships visited upon her as a result of her husband's detention (and subsequent physical disability), which occurred on account of his adherence to Falun Gong. 435 F.3d 146, 150 (2d Cir.2006). However, this argument ignores the agency's threshold finding that she failed to demonstrate that she "shares (or [was] perceived to share) the characteristic that motivated [Chinese officials] to harm [her husband.]" *Tao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir. 2007) (citing *Jorge–Tzoc,* 435 F.3d at 150); *see also id.* at 143 (noting that although the persecution of an asylum applicant's family member "may stir anguish ... and may [even] bring economic loss for the family," these consequences do not constitute persecution of the applicant herself unless she shares—or is imputed to share—the characteristic that motivated the persecution). Although it is possible that a reasonable fact-finder could have deduced from the available circumstantial evidence that Chinese officials believed Park to be an adherent of Falun Gong like her husband, she does not point to any record evidence that would compel this contrary conclusion.[1] *See Gjolaj,* 468 F.3d at 142–43; *Yueqing Zhang,* 426 F.3d at 545 (asylum applicants are required to show the persecutor's motive through direct or circumstantial evidence). Furthermore, there is no evidence that any future attempts by Chinese officials to arrest Park—e.g., because she "[ran] away from China"—would be even partially motivated by a mistaken perception of her adherence to Falun Gong. *See Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994). In light of

---

1. We note that Park testified that she has never been an adherent of Falun Gong. Furthermore, while she stated that she had several encounters with Chinese officials during

the period of her husband's detention, she did not allege that officials believed her to be an adherent of Falun Gong, nor did she allege that officials ever harmed her directly.

the foregoing, the agency's denial of her asylum claim was not improper.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** Because Park failed to raise before the BIA her argument that the IJ violated her right to due process of law by the IJ's failure to ensure that she understood her interpreter, and because the government has raised this failure to exhaust in its brief to this Court, we decline to consider the issue. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20, 124 (2d Cir.2007); *see also Theodoropoulos v. INS,* 358 F.3d 162, 172–73 (2d Cir.2004) (noting that while the BIA may not adjudicate constitutional claims, so long as the BIA can provide the possibility of relief, the petitioner must exhaust the issue).

